UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB JACKSON, | ) |
| KASEY JACKSON, | ) |
| DERIL LEES, | ) |
| ROBBIN LEES, | ) |
| ALYSSA SANDERS, | ) |
| DEREK SANDERS, and | ) |
| DERIL LEES, J.R., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 17-CV-0436-CVE-FHM |
| | ) |
| GREERWALKER, LLP, | ) |
| POLSINELLI, P.C., and | ) |
| BUTCHER JOSEPH & CO., LLC, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court are motions to dismiss plaintiffs' complaint (Dkt. # 2) filed by all defendants: GreerWalker, LLP (GreerWalker) (Dkt. # 24); Butcher Joseph & Co., LLC (Butcher Joseph) (Dkt. # 27); and Polsinelli, P.C. (Polsinelli) (Dkt. # 29).

### I. Background

At all times pertinent to this action, plaintiffs were employees and shareholders of Freedom Pharmaceuticals, Inc. (Freedom), an S corporation[1] incorporated in the State of Oklahoma. Id. at 1. GreerWalker is a North Carolina accounting firm; Polsinelli is a Missouri law firm; and Butcher Joseph is a Missouri investment banking firm. Id. at 1-2.

---

[1] Plaintiffs' counsel mistakenly refers to Freedom as a "sub-S chapter corporation." Dkt. # 2, at 2. But such nomenclature does not appear in the Internal Revenue Code, and counsel's use of this inaccurate term demonstrates lack of familiarity with that code.

In their complaint, plaintiffs allege the following: in early 2013, Butcher Joseph "was retained" as an investment banker after plaintiffs "had been approached to sell Freedom" (the transaction). Id. at 2. Shortly thereafter, Polsinelli "was retained in connection with the transaction," and attorneys in its tax department, prior to the transaction, created a spreadsheet that included sections entitled "Tax Analysis" and "Net Shareholder After Tax Detail," as well as a line item labeled "less Total Tax Payable." Id.

In early March 2013, at Butcher Joseph's "recommendation," GreerWalker "was engaged . . . connection [sic] with" the transaction. Id. at 3. That month, "after GreerWalker had already been retained, [Butcher Joseph] recommended that GreerWalker be tasked with performing a 'tax analysis' of the potential stock sale transaction 'so that we can fine tune results to each individual.' [Butcher Joseph] stated that [it] would involve and task GreerWalker as indicated, unless someone disagreed; no one expressed disagreement." Id.

On April 17, 2013, "a closing occurred whereby Freedom's shareholders sold their stock to a third party pursuant to stock purchase agreements." Id. GreerWalker, Butcher Joseph, and Polsinelli were aware of the closing date. Id. After the closing, GreerWalker provided tax advice to plaintiffs concerning the tax treatment and consequences associated with their stock sale, including capital gains treatment in Oklahoma. Id.

On or about December 15, 2014, the Oklahoma Tax Commission (OTC) issued written notices to the plaintiffs. Id. The notices stated that plaintiffs owed additional tax to the State of Oklahoma for the tax year 2012 in amounts significantly in excess of $75,000, together with monetary penalties and interest. Id. The notices reflect the OTC's decision to disallow the capital gains treatment and deduction, related to their sale of Freedom stock, that plaintiffs included in their

2013 Oklahoma income tax returns. Id. at 4. The OTC notified plaintiffs that, to be eligible for capital gains treatment and deduction, plaintiffs must have sold an ownership interest in an Oklahoma company that had been headquartered in the state for three or more years. Id. Freedom was incorporated and headquartered in Oklahoma, but the date of the closing—i.e., April 17, 2013—occurred before the third anniversary of its incorporation—i.e., May 28, 2013. Id. Plaintiffs administratively protested OTC's assessment of the additional taxes. Id. In November 2015, pursuant to a taxpayer amnesty program, plaintiffs paid the additional tax amounts assessed and, in exchange, avoided the monetary penalties and interest. Id.

On July 7, 2017, plaintiffs filed their complaint in this case, Dkt. # 2,[2] which alleges: professional negligence against GreerWalker (count one), Polsinelli (count two), and Butcher Joseph (count three); breach of contract against GreerWalker (count four), Polsinelli (count five), and Butcher Joseph (count six); breach of fiduciary duty against all defendants (count seven); and aiding and abetting breach of fiduciary duty against all defendants (count eight). Id. at 4-9.

GreerWalker, Butcher Joseph, and Polsinelli move to dismiss plaintiffs' complaint (Dkts. ## 24, 27, 29).

## II. Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion

---

[2] On March 14, 2017, the United States District Court for the Western District of North Carolina awarded summary judgment in favor of GreerWalker and against plaintiffs in a separate action, brought by GreerWalker, seeking declaratory judgment that there was no written arbitration agreement between GreerWalker and plaintiffs. GreerWalker, LLP v. Jackson, 2017 WL 99059 (W.D.N.C. Mar. 14, 2017). That court found, inter alia, that none of the evidence presented indicated that "[Butcher Joseph] offered and GreerWalker agreed to perform a tax analysis for the individual shareholders of Freedom." Id. at *3.

to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). A court need not accept as true, however, allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

### III. GreerWalker's Motion to Dismiss

GreerWalker argues that plaintiffs' complaint must be dismissed because it fails to state a claim. Dkt. # 25, at 20-29.[3]

As to plaintiffs' claim for professional negligence (count one), GreerWalker argues that plaintiffs fail to allege any facts to establish the existence of an accountant-client relationship giving

---

[3] GreerWalker also argues, in connection with the prior litigation in the Western District of North Carolina, see supra note 1, that both the compulsory counterclaim rule and the doctrine of collateral estoppel bar plaintiffs' claims against it. Id. at 17-20. The Court, however, does not reach these arguments.

4

rise to any duty by GreerWalker to provide plaintiffs with tax analysis, advice, or planning in connection with the transaction. Id. at 20. Plaintiffs respond that their complaint states a claim for professional negligence against GreerWalker because it alleges that

> (1) GreerWalker was engaged in March of 2013 to provide professional services in connection with a potential sale of Freedom's stock to a third party; (2) Butcher Joseph recommended that [GreerWalker] perform a 'tax analysis' regarding the stock sale transaction to determine what implications it might have to the individuals and [GreerWalker] did not express disagreement with providing this analysis; (3) [GreerWalker] owed plaintiffs a duty of care in connection with the professional services rendered, which included proper tax analysis, advice and planning in connection with the stock sale; (4) . . . [GreerWalker] [was] well aware of the closing date set for the sale of Freedom's stock, and this closing date had significant and severe tax implications for the individuals; (4) [sic] even after closing, [GreerWalker] provided tax advice to the plaintiffs concerning the tax treatment and consequences of the sale of their stocks; and (5) GreerWalker breached its duty of care to the plaintiffs to provide proper . . . tax analysis, advice and planning in connection with the stock sale, which damaged plaintiffs when the OTC disallowed the capital gains treatment deduction.

Dkt. # 40, at 26-27.

Under Oklahoma law, to establish a prima facie case of professional negligence against an accountant, plaintiffs must demonstrate that "(1) [the accountant] owed them a duty of care—arising from its rendition of professional accounting services—to the plaintiffs, (2) that the duty was breached, and (3) that injury and the resultant damages were directly the result of [the accountant's] failure to perform its duty." Stroud v. Arthur Andersen & Co., 37 P.3d 783, 788 (Okla. 2001).

The Court finds that plaintiffs have not plead sufficient facts to make it plausible that GreerWalker owed them a duty of care. Plaintiffs do not allege that they entered into an agreement with GreerWalker. Instead, plaintiffs' complaint states cryptically that GreerWalker "was engaged." By whom, however, remains a mystery. And plaintiffs do not allege that GreerWalker performed professional tax services for them before the closing. Rather, plaintiffs' complaint states that

5

Butcher Joseph "recommended" that GreerWalker perform a tax analysis to "fine tune" the results to each individual, and no one objected to this recommendation. But to whom did Butcher Joseph make this recommendation? And, more importantly, did GreerWalker ever agree to perform, or actually perform, the tax analyses for plaintiffs that Butcher Joseph allegedly recommended? Put simply, plaintiffs fail to allege that GreerWalker agreed to perform, or performed, tax analyses for them in advance of the closing. Plaintiffs' complaint, therefore, fails to allege that GreerWalker owed them a duty of care, and their claim for professional negligence against GreerWalker (count one) must be **dismissed**.[4]

Regarding plaintiffs' claim for breach of contract (count four), GreerWalker argues that plaintiffs' complaint does not allege that any of them entered into an express agreement with GreerWalker for the provision of tax services, or that there was an implied contract between plaintiffs and GreerWalker arising out of GreerWalker's conduct. Dkt. # 25, at 22. In response,

---

[4]   In their response, plaintiffs argue that, even if the Court finds that they did not engage GreerWalker's services, GreerWalker is still liable in negligence to them as a third parties because the harm plaintiffs suffered due to GreerWalker's failure to "provide proper advice regarding the capital gains tax" was reasonably foreseeable. Dkt. # 40, at 28 (citing Hesser v. Cent. Nat. Bank & Tr. Co. of Enid, 956 P.2d 864, 867 (Okla. 1998) ("Oklahoma recognizes that a duty may be created by a contract which is made expressly for the benefit of a third-party non-client beneficiary when harm to the beneficiary is foreseeable."); Bradford Sec. Processing Servs., Inc. v. Plaza Bank & Tr., 653 P.2d 188, 190 (Okla. 1986) (attorney liable to third parties for negligent breach of a contract made for third parties' benefit where harm was foreseeable)). But the very case law plaintiffs cite undermines their argument. As the Oklahoma Court of Civil Appeals explained in Whitehead v. Rainey, Ross, Rice & Binns, 997 P.2d 177, 181 (Okla. Ct. App. 1999), "Hesser and Bradford . . . premise potential third-party liability of attorneys on allegations of a clear, actionable breach of the duty of ordinary care by an attorney to his/her client which, foreseeably harming a third-party, gives rise to an additional duty of care imposed on the attorney to avoid such third party harm." Under Hesser and Bradford, assuming that these cases even apply to accountants, plaintiffs' third-party theory fails because they do not to allege that GreerWalker breached the duty of care that it presumably owed Freedom.

6

plaintiffs recite the same facts that they alleged in support of their claim against GreerWalker for professional negligence and argue that these facts sufficiently allege that there was an agreement between the parties. Dkt. # 40, at 29.

To state a claim for breach of contract, a plaintiff must plead facts showing "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." Digital Design Group, Inc. v. Information Builders, Inc. 24 P.2d 834, 843 (Okla. 2001).

The Court finds that plaintiffs' complaint fails to state a claim for breach of contract against GreerWalker. Plaintiffs fail to allege they entered into a contract with GreerWalker to perform tax analyses for them in advance of the closing. Plaintiffs allegations are merely that Butcher Joseph recommended (to unknown persons) that GreerWalker do so, and no one objected to this recommendation. This allegation falls far short of demonstrating that GreerWalker agreed to perform, or performed, tax analysis services for plaintiffs prior to the closing. Accordingly, plaintiffs' claim for breach of contract against GreerWalker (count four) must be **dismissed**.

Regarding plaintiffs' claims for breach of fiduciary duty (count seven) and aiding and abetting breach of fiduciary duty (counts eight), GreerWalker argues that plaintiffs fail to allege that it acquired influence over plaintiffs that would give rise to a fiduciary relationship. Dkt. # 25, at 24. Plaintiffs, again reciting the same facts on which they rely in support of their claims for negligence and breach of contract, argue that their complaint sufficiently states claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. Dkt. # 40, at 30-33.

Under Oklahoma law, a fiduciary duty exists when "one person acquires influence over another such that the influenced allows the influencer to substitute his or her will for the influenced's own." Horton v. Hamilton, 345 P.3d 357, 364 (Okla. 2015). And, a defendant can be liable if he

aids the commission of a tort—such as breach of fiduciary duty—by giving substantial assistance or encouragement to the tortfeasor. Cooper v. Bondoni, 841 P.2d 608, 611 (Okla. Ct. App. 1999). As plaintiffs concede, however, the Oklahoma Supreme Court has never expressly recognized the tort of aiding and abetting a breach of fiduciary duty. See Peel Payments, LLC v. First Data Corp., 2016 WL 6407432 (W.D. Okla. Oct. 28, 2016).

The Court finds that plaintiffs' complaint fails to state claims for breach of fiduciary duty (count seven) and aiding and abetting breach of fiduciary duty (count eight) as against GreerWalker. As to plaintiffs claim for breach of fiduciary duty (count seven), plaintiffs simply fail to allege that GreerWalker acquired any influence over them. Plaintiffs' factual support for the contention that GreerWalker owed them a fiduciary duty is limited to the allegation that Butcher Joseph stated—to unknown persons—that it would recommend GreerWalker perform an individualized tax analysis in advance of the closing. This in no ways establishes that GreerWalker attained any kind of influence over plaintiffs, let alone that plaintiffs allowed GreerWalker to substitute its will for their own. Regarding plaintiffs' claim for aiding and abetting breach of fiduciary duty (count eight)—assuming Oklahoma law even recognizes such a claim—plaintiffs' sole allegation is that "each defendant knowingly participated in the breached [sic] of fiduciary duties owed by other defendants to the plaintiffs." Dkt. # 2, at 8. In other words, plaintiffs claim is merely a legal conclusion. Plaintiffs' claims for breach of fiduciary duty (count seven) and aiding and abetting breach of fiduciary duty (count eight) against GreerWalker, therefore, must be **dismissed.**

Accordingly, GreerWalker's motion to dismiss (Dkt. # 24) plaintiffs' claims against it—i.e. counts one, four, seven, and eight—is **granted**.

## IV. Butcher Joseph's Motion to Dismiss

Against Butcher Joseph, plaintiffs bring the same claims that they did against GreerWalker: professional negligence (count three), breach of contract (count six), breach of fiduciary duty (count seven), and aiding and abetting breach of fiduciary duty (count eight). Dkt. # 2, at 5-9. Butcher Joseph argues that plaintiffs' complaint must be dismissed because it fails to state a claim. Dkt. # 28.[5]

As to plaintiffs' claim for professional negligence (count three), Butcher Joseph argues that plaintiffs fail to allege sufficient facts to establish that Butcher Joseph owed them a duty of care, either directly or as third parties. Id. at 20. Plaintiffs respond that they have "adequately alleged facts from which a negligence claim can be established," and that they have "adequately alleged a clear actionable breach of the duty of ordinary care by [Butcher Joseph] to provide proper advice regarding the capital gains tax, foreseeably harming a third-party . . . ." Dkt. # 41, at 20-21. But plaintiffs' complaint gives no indication as to why this is so. Indeed, plaintiffs' claim for professional negligence against Butcher Joseph (count three) amounts to no more than a threadbare recital of the elements of a professional negligence claim. See Dkt. # 2, at 5-6. And for this reason, it must be **dismissed**.

Regarding plaintiffs' claim for breach of contract (count six), Butcher Joseph argues that plaintiffs fail to allege that a contract existed between the parties. Dkt. # 28, at 10. Plaintiffs respond that they have properly pled a claim for breach of contract because "[Butcher Joseph] was engaged

---

[5] Butcher Joseph also argues that plaintiffs' professional negligence claim (count three), and their breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims (counts seven and eight), are time-barred. Dkt. # 28, at 14-15. The Court, however, does not reach these arguments.

by plaintiffs to render accurate and professional services" and Butcher Joseph "breached this agreement . . . ." Dkt. # 41, at 11-12.

The Court finds that plaintiffs' complaint fails to state a claim for breach of contract against Butcher Joseph. In support of plaintiffs' contention that Butcher Joseph "was engaged by plaintiffs," and an "agreement" between the parties was thus was formed, plaintiffs cite to paragraph forty-five of their complaint, which appears within count six. Dkt. # 41, at 11 (citing Dkt. # 2, at 7). Paragraph forty-five repeats that "Butcher was engaged by plaintiffs to render . . . professional services . . . ." Dkt. # 2, at 7. Plaintiffs, however, provide no support whatsoever for this assertion in the portion of their complaint entitled "common factual allegations." Dkt. # 2, at 2-4. In fact, in that section, plaintiffs state that "[Butcher Joseph] was retained . . . to explore the potential sale of Freedom's stock." <u>Id,</u> at 2. In other words, plaintiffs omit the entity that retained Butcher—presumably because that entity was Freedom, <u>not</u> plaintiffs. Plaintiffs' statement within count six that they "engaged" Butcher Joseph, therefore, is without factual support and is inconsistent with plaintiffs' statements in the fact portion of their complaint. Accordingly, plaintiffs fail to allege facts sufficient to demonstrate that they formed an agreement for tax services with Butcher Joseph, and their claim for breach of contract (count six) must be **dismissed**.[6]

As to plaintiffs' claims for breach of fiduciary duty (count seven) and aiding and betting breach of fiduciary duty (count eight) as against Butcher Joseph, they are dismissed for the same

---

[6] Butcher Joseph also argues that the Court should not permit plaintiffs an opportunity to amend their complaint based on an alleged oral contract because, under Okla. Stat. tit. 15, § 237, the written contract between Freedom and Butcher Joseph (which Butcher Joseph attached to its motion to dismiss but plaintiffs do not rely on in their complaint, so the Court, under Fed. R. Civ. P. 12(d) does not consider) can only be modified by a new contract or an executed (<u>i.e.</u> fully performed) oral agreement between the parties, and plaintiffs fail to allege the existence of a new contract or an executed oral agreement. Dkt. # 46, at 4.

reasons that the Court dismissed them as against GreerWalker. Regarding plaintiffs' claim for breach of fiduciary duty (count seven), plaintiffs fail to sufficiently allege that Butcher Joseph acquired any kind of influence over them. With respect to plaintiffs' claim for aiding and betting breach of fiduciary duty (count eight), plaintiffs' only allegation is the legal conclusion that "each defendant knowingly participated in the breached [sic] of fiduciary duties owed by other defendants to the plaintiffs." Dkt. # 2, at 8. Plaintiffs' claims for breach of fiduciary duty (count seven) and aiding and abetting breach of fiduciary duty (count eight), therefore, must be **dismissed**.

Accordingly, Butcher Joseph's motion to dismiss (Dkt. # 27) plaintiffs' claims against it—i.e. counts three, six, seven, and eight—is **granted**.

### V. Polsinelli's Motion to Dismiss

Against Polsinelli, plaintiffs bring the same claims that they did against GreerWalker and Butcher Joseph: professional negligence (count two), breach of contract (count five), breach of fiduciary duty (count seven), and aiding and abetting breach of fiduciary duty (count eight). Dkt. # 2, at 5-9. Polsinelli argues that plaintiffs complaint must be dismissed because it fails to state a claim. Dkt. # 29, at 16-26.[7]

As to plaintiffs' claim for professional negligence (count two), Polsinelli argues that plaintiffs fail to allege that an attorney-client relationship existed between plaintiffs and Polsinelli. Id. at 17. In response (effectively conceding that they did not have a direct attorney-client relationship with Polsinelli), plaintiffs argue that their complaint states a claim for professional negligence against Polsinelli because, under Hesser and Bradford, attorneys can be liable in

---

7      Polsinelli also argues that plaintiffs' claims are time-barred. Id. at 11-16. The Court, however, does not reach this argument.

negligence to third parties. Dkt. # 42, at 20. In addition, plaintiffs argue, attorneys' conduct "may even imply an attorney-client relationship." Dkt. # 42, at 20.

The Court finds that plaintiffs' complaint fails to state a claim for professional negligence against Polsinelli. Plaintiffs provide no explanation as to why Polsinelli may be liable to them under Hesser and Bradford, or how Polsinelli's conduct implied an attorney-client relationship with plaintiffs. And count two of plaintiffs' complaint is merely an exercise in reciting the elements of a claim for professional negligence. See Dkt. # 2, at 5. Plaintiffs' claim for professional negligence against Polsinelli (count two), therefore, must be **dismissed**.

Regarding plaintiffs' claim for breach of contract against Polisinelli (count five), Polsinelli argues that there are no factual allegations in plaintiffs' complaint which create any inference or suggestion of a contract between plaintiffs and Polsinelli. Dkt. # 29, at 19. Plaintiffs respond that they have properly plead a breach of contract claim because they allege that Polsinelli attorneys, before the closing, created a spreadsheet that included sections entitled "Tax Analysis" and "Net Shareholder After Tax Detail," as well as a line item labeled "less Total Tax Payable." Dkt. # 42, at 11. This, plaintiffs contends, demonstrates that Polsinelli and plaintiffs entered into an "agreement," which Polsinelli breach by failing to provide tax advice that would have allowed plaintiffs to take advantage of Oklahoma's capital gains deduction. Id.

Assuming the existence of the spreadsheets plaintiffs allege, their complaint nevertheless fails to state a claim for breach of contract against Polsinelli. The fact that Polsinelli created tax-related spreadsheets—even if one of them did refer to Freedom's shareholders—does not, in and of itself, make plausible that Polsinelli contracted with plaintiffs to provide them tax services in

connection with the closing. Plaintiffs' claim for breach of contract against Polsinelli (count two), therefore, must be **dismissed**.

As to plaintiffs' claims for breach of fiduciary duty (count seven) and aiding and betting breach of fiduciary duty (count eight) as against Polsinelli, they are dismissed for the same reasons that the Court dismissed them as against GreerWalker and Butcher Jospeh. Regarding plaintiffs' claim for breach of fiduciary duty (count seven), plaintiffs fail to allege that Polsinelli ever acquired any kind of influence over them. Regarding plaintiffs' claim for aiding and abetting breach of fiduciary duty (count eight), plaintiffs' only allegation is the legal conclusion that "each defendant knowingly participated in the breached [sic] of fiduciary duties owed by other defendants to the plaintiffs." Dkt. # 2, at 8. Plaintiffs claims for breach of fiduciary duty (count seven) and aiding and abetting breach of fiduciary duty (count eight), therefore, must be **dismissed**.

Accordingly, Polsinelli's motion to dismiss (Dkt. # 29) plaintiffs' claims against it—i.e. counts two, five, seven, and eight—is **granted**.

**IT IS THEREFORE ORDERED** that GreerWalker, LLP's motion to dismiss (Dkt. # 24), Butcher Joseph & Co., LLC's motion to dismiss (Dkt. # 27), and Polsinelli, P.C.'s motion to dismiss (Dkt. # 29), are **granted**. Plaintiffs' complaint (Dkt. # 2) is **dismissed**.

**IT IS FURTHER ORDERED** that, should plaintiffs seek to file an amended complaint, they must first file a written motion for leave to amend. Fed. R. Civ. P. 15(a)(2); Garman v. Campbell Cty. Sch. Dist. No. 1, 630 F.3d 977, 986 (10th Cir. 2010). The Court cautions plaintiffs that, if they file such a motion, it must comply with Federal Rule of Civil Procedure 11. Counsel must also be aware of the sanctions in 28 U.S.C. § 1927 for the filing of vexatious pleadings.

**DATED** this 14th day of February, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE